```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE MIDDLE DISTRICT OF GEORGIA
                     COLUMBUS DIVISION
```

| | |
|---|---|
| BARBARA GOODMAN, *et al.*,   * | |
| Plaintiffs,   * | |
| vs.   * | |
| COLUMBUS REGIONAL HEALTHCARE   * | CASE NO. 4:21-CV-15 (CDL) |
| SYSTEM, INC.,   * | |
| Defendant.   * | |

O R D E R

The Court has been awaiting the Supreme Court's decision in *Hughes v. Northwestern University*, No. 19-1401, 2022 WL 199351 (U.S. Jan. 24, 2022) before ruling on Defendant's pending motion to dismiss. That decision was recently issued, and the pending motion is now ripe for resolution.

Plaintiffs were participants in a defined contribution plan sponsored by their employer, Columbus Regional Healthcare System, Inc. Plaintiffs brought this putative class action against Columbus Regional, alleging that Columbus Regional breached its fiduciary duties under the Employee Retirement Income Security Act, 29 U.S.C. § 1001 *et seq.* ("ERISA"). Columbus Regional moved to dismiss all of Plaintiffs' claims, arguing that Plaintiffs are merely second-guessing Columbus Regional's investment decisions with the benefit of hindsight. As discussed below, Columbus Regional's motion (ECF No. 13) is

denied as to Counts I and II of the complaint. Because Plaintiffs have voluntarily withdrawn Counts III and IV, those claims are dismissed.

MOTION TO DISMISS STANDARD

"To survive a motion to dismiss" under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The complaint must include sufficient factual allegations "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In other words, the factual allegations must "raise a reasonable expectation that discovery will reveal evidence of" the plaintiff's claims. *Id.* at 556. But "Rule 12(b)(6) does not permit dismissal of a well-pleaded complaint simply because 'it strikes a savvy judge that actual proof of those facts is improbable.'" *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007) (quoting *Twombly*, 550 U.S. at 556).

DISCUSSION

Plaintiffs were participants in Columbus Regional's defined contribution plan. In this type of plan, participating employees maintain individual investment accounts funded by their contributions. The participants determine how to invest

2

their funds, although they may choose only from the menu of investment options selected by the plan administrator.  Each participant's success is determined by the performance of the chosen investments minus any associated fees.

ERISA plan fiduciaries like Columbus Regional "must discharge their duties 'with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims.'"  *Hughes v. Nw. Univ.*, No. 19-1401, 2022 WL 199351, at *2 (U.S. Jan. 24, 2022) (quoting 29 U.S.C. § 1104(a)(1)(B)).  Plaintiffs claim that Columbus Regional violated its duty of prudence by (1) not providing its plan participants with a menu of prudently monitored investment options, and (2) failing to prudently monitor plan administrative expenses resulting in the payment of excessive recordkeeping fees.[1]  Columbus Regional argues that these claims fail as a matter of law.  They do not.

I. **The Plan's Investment Options**

Plaintiffs allege that Columbus Regional breached its statutory duty of prudence with regard to its menu of investment options in three related ways.  First, Plaintiffs allege that

---

[1] Plaintiffs originally asserted two other counts in their Complaint, but those two counts have been withdrawn and are dismissed.

Columbus Regional offered mutual funds in the form of retail share classes even though it could have obtained otherwise identical institutional share classes of the same investments with significantly lower fees. Second, Plaintiffs contend that Columbus Regional selected and maintained investments with a history of underperformance, then failed to remove them from the investment menu when they continued to underperform. Third, Plaintiffs contend that Columbus Regional's investment menu focused on an active management strategy which (a) highlighted actively managed mutual funds with investment management fees that were higher than fees for similar passive index fund options (even though the higher fee actively managed funds were not reasonably expected to outperform similar passive funds), (b) limited the passive index fund options, and (c) made the more expensive actively managed mutual funds the default option in the absence of a participant's investment instructions.

As previously noted, an ERISA fiduciary must act "with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims." *Hughes*, 2022 WL 199351, at *2 (quoting 29 U.S.C. § 1104(a)(1)(B)). An ERISA fiduciary's duty does not end when the fiduciary selects plan investments at the outset. *Tibble v. Edison Int'l*, 575

4

U.S. 523, 530 (2015). Rather, "a fiduciary normally has a continuing duty of some kind to monitor investments and remove imprudent ones." *Id.* So, "[a] plaintiff may allege that a fiduciary breached the duty of prudence by failing to properly monitor investments and remove imprudent ones." *Id.*

Taking the allegations in Plaintiffs' complaint as true and drawing all reasonable inferences in Plaintiffs' favor—as the Court must do at this stage in the litigation—Plaintiffs adequately allege that some of Columbus Regional's investment decisions were imprudent. The Supreme Court has suggested that a defined contribution plan participant may state a claim for breach of ERISA's duty of prudence by alleging that the plan fiduciary offered higher priced retail-class mutual funds instead of available identical lower priced institutional-class funds. *Hughes*, 2022 WL 199351, at *3; *Tibble*, 575 U.S. at 530. And the Court is satisfied that Plaintiffs state a plausible claim that continuing to offer underperforming mutual funds with excessive expense ratios despite a consistent history of underperformance would violate ERISA's duty of prudence.[2]

Columbus Regional argues that Plaintiffs' complaint fails to state a claim for breach of fiduciary duty because Columbus

---

[2] The parties disagree on the existence and extent of the alleged underperformance, and each side argues that its method for calculating the numbers provides the correct analysis. The Court finds that Plaintiffs adequately alleged underperformance for purposes of the present motion to dismiss, though a more fully developed record may establish otherwise at the summary judgment stage.

Regional's plan offered a variety of investment options, including lower-cost passive investment options. Columbus Regional contends that because low-cost index fund investments were available, Plaintiffs cannot establish that Columbus Regional's other investment decisions were imprudent. In support of this argument, Columbus Regional relies on the Seventh Circuit's opinion in *Divane v. Northwestern University*, 953 F.3d 980 (7th Cir. 2020), but the Supreme Court has recently vacated that opinion and remanded for further proceedings because the Seventh Circuit's rule failed "to take into account [the plan fiduciary's] duty to monitor all plan investments and remove any imprudent ones." *Hughes*, 2022 WL 199351, at *2. ERISA "fiduciaries are required to conduct their own independent evaluation to determine which investments may be prudently included in the plan's menu of options." *Id.* at *4. An ERISA fiduciary's imprudent decisions are not excused simply because the participants had the "ultimate choice over their investments" and could have chosen lower cost ones. *Id.* The fact that Plaintiffs in this action had some lower cost index fund options is not dispositive of whether Columbus Regional satisfied its duty of prudence as a matter of law. Dismissing this claim would not comport with recent Supreme Court precedent.

## II. The Plan's Recordkeeping Fees

In addition to their claim based on Columbus Regional's investment decisions, Plaintiffs assert that Columbus Regional did not adequately monitor or manage the Plan's administrative expenses. "Recordkeepers help plans track the balances of individual accounts, provide regular account statements, and offer informational and accessibility services to participants[,]" and they charge a fee for their services, which are passed along to plan participants. *Hughes*, 2022 WL 199351, at *3. ERISA requires a plan fiduciary to defray "reasonable expenses of administering the plan." 29 U.S.C. § 1104(a)(1)(A)(ii). Here, Plaintiffs allege that Columbus Regional's recordkeeper received fees that were nearly double what a reasonable recordkeeping fee would have been for a similarly sized ERISA plan. Plaintiffs further allege that Columbus Regional's recordkeeper received additional indirect compensation that was excessive and should have been more carefully scrutinized by a prudent plan fiduciary. Taking these allegations as true and drawing all reasonable inferences in Plaintiffs' favor, the Court finds that the complaint adequately alleges that Columbus Regional breached its duty to prudently manage administrative costs.

CONCLUSION

For the reasons set forth above, Columbus Regional's Motion to Dismiss (ECF No. 13) is denied as to Counts I and II of Plaintiffs' complaint.  Plaintiffs withdrew Counts III and IV, so those claims are dismissed.

IT IS SO ORDERED, this 25th day of January, 2022.

                                            S/Clay D. Land
                                            CLAY D. LAND
                                            U.S. DISTRICT COURT JUDGE
                                            MIDDLE DISTRICT OF GEORGIA