# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# COLUMBUS DIVISION

| | |
|---|---|
| BARBARA GOODMAN, LISA COUNTRYMAN, SHARON CLARKE, CHERYL GALLOPS, SHERRI STUCKEY, LAUREN SPIVEY and TIFFANY HAIRSTON-LOTT, individually, and on behalf of all others similarly situated,<br><br>  Plaintiffs,<br><br>v.<br><br>COLUMBUS REGIONAL HEALTHCARE SYSTEM, INC.<br><br>  Defendant. | Case No.: 4:21-cv-00015-CDL |

## STIPULATED PROTECTIVE ORDER

Plaintiffs Barbara Goodman, Lisa Countryman, Sharon Clarke, Cheryl Gallops, Sherri Stuckey, Lauren Spivey, and Tiffany Hairston-Lott ("Plaintiffs") and Defendant Columbus Regional Healthcare System, Inc. ("Defendant") (altogether, the "Parties"), by and through their attorneys, have stipulated and agreed to the entry of a protective order governing the production and handling of confidential information in the above-captioned litigation (the "Action").

**Proceedings and Information Governed.**

1. This Order ("Stipulated Protective Order") is made under Fed. R. Civ. P. 26(c). It governs the handling, use, and disclosure of any information, document, electronically stored information ("ESI"), or any other thing produced in this matter, including but not limited to: information, documents, ESI, and things produced or made available for inspection in response to document requests or subpoenas; information, documents, ESI, or other things produced by non-

parties; answers to interrogatories; answers to requests for admission; responses to requests for production of documents; deposition testimony, transcripts, and videotapes; deposition exhibits; testimony adduced at trial; matters in evidence; and other writings or things produced, given or filed in this Action that are designated by a party as "Confidential Information" in accordance with the terms of this Stipulated Protective Order, as well as any copies, excerpts, or description or use that effectively discloses such information. References to such information that do not effectively disclose it are permitted. Such information, documents, ESI and other things described above shall be referred to herein as "<u>Discovery Material</u>."

**<u>Designation and Maintenance of Information</u>.**

2. For purposes of this Stipulated Protective Order, the "<u>Confidential Information</u>" designation means that the Discovery Material so labeled is comprised of commercial or proprietary information that is not publicly known or readily ascertainable, in accordance with Fed. R. Civ. P. 26(c)(1)(G), or other information required by law or agreement to be kept confidential, and which is in fact confidential.

Confidential Information does not include, and this Stipulated Protective Order does not apply to: (a) information that already is legitimately known or legitimately in the possession of the party to whom disclosure is made, unless that party already is bound by agreement or another court order not to disclose such information; or (b) information that has been disclosed to the public or third persons in a manner making such information no longer confidential; or (c) information disclosed to a receiving party by a third party without breach of an obligation of confidence to the producing party. The Parties shall use reasonable efforts to determine whether particular Discovery Material qualifies for designation as Confidential Information. Any party or other person

designating any information, document, ESI, or any other thing as Confidential Information must have a reasonable, good faith basis for doing so.

Except for Discovery Material made available for inspection at the Parties' respective facilities or offices (to the extent permitted), confidentiality designations shall be made prior to, or contemporaneously with, the production or disclosure of that information. In the event that Discovery Material is made available for inspection at the Parties' respective facilities or offices, such Discovery Material may be made available for inspection before being assigned a confidentiality designation. Once specific documents have been designated for copying, any documents containing Confidential Information will then be marked accordingly after copying but before production to the party who inspected and designated the documents. There will be no waiver of confidentiality by the inspection of confidential documents before they are copied and marked Confidential Information pursuant to this procedure.

3. Documents and other Discovery Material produced during the course of this Action within the scope of Section 2 above may be designated by the producing party as containing Confidential Information by placing on each page and each thing, in a manner which will not interfere with its legibility, a legend substantially as follows: **CONFIDENTIAL**.

All copies, duplicates, extracts, summaries, or descriptions of documents and other Discovery Material produced that are designated as Confidential Information under this Stipulated Protective Order (hereinafter referred to as "Confidential Copies") shall immediately be affixed with the appropriate legend of "Confidential" by the party that created such Confidential Copies if such appropriate legend does not already appear on the documents or Discovery Material.

A party may designate information disclosed at a deposition as Confidential Information by requesting on the record at the time of the deposition that the reporter so designate the transcript

or any portion of the transcript. If such a request is made, the reporter shall indicate on the cover page of the transcript that the transcript contains Confidential Information and the reporter shall list the pages and line numbers of the transcript on which the information in question is contained. If no such designation is made at the time of the deposition, any party will have thirty (30) calendar days after receipt of the deposition transcript to designate, in writing to the other parties and to the court reporter, whether the transcript is to be designated as Confidential Information. The designation shall contain a list of the numbers of the pages and lines of the transcript that contain Confidential Information. If no such designation is made at the deposition or within this thirty-day period (during which period, the transcript must be treated as material designated Confidential Information), the entire deposition transcript will be considered devoid of Confidential Information, except for any exhibits to such transcript that previously were designated as Confidential or Confidential Information.

Each party and the court reporter must attach a copy of any final and timely written designation notice to the transcript and each copy of the transcript in its possession, custody or control, and the portions designated in such notice must thereafter be treated in accordance with this Stipulated Protective Order. It is the responsibility of counsel for each party to maintain materials containing Confidential Information in a secure manner and appropriately identified so as to allow access to such information only to such persons and under such terms as are permitted and required under this Stipulated Protective Order.

A designating party shall have the right to exclude from attendance at a deposition, during such time as Confidential Information is to be discussed or disclosed, any person other than the deponent, the court reporter, and persons permitted to access said Confidential Information under Section 8 below.

**Specially Redacted Documents.**

4. The parties agree that certain sensitive or confidential information regarding non-Columbus Regional Healthcare System Retirement Savings Plan investment- and business-related matters will be redacted from the Investment and Pension Committee meeting minutes and documents maintained with those minutes ("Specially Redacted Documents") when produced by Defendant. The parties also agree that Defendant will separately produce a partially un-redacted set of Specially Redacted Documents in which redactions related to the defined benefit plans sponsored by Defendant are removed. This separate set of Specially Redacted Documents is being provided for discovery purposes only, and will be designated "Confidential – SRD" in the same manner as provided in Section 3. The receiving party agrees to use the original redacted Specially Redacted Documents in Court filings and depositions. If the receiving party believes there is a legitimate need for use of a document designated Confidential – SRD in a court filing or at a deposition, the receiving party agrees to treat such document as Confidential under the terms of this Stipulated Protective Order.

**Inadvertent Failure to Designate.**

5. The inadvertent failure to designate any Discovery Material as Confidential will not be deemed to waive a person's right to later designate or to prevent a party from later designating such material as Confidential. The Discovery Material must be treated by the receiving party as Confidential from the time the receiving party is notified in writing of the change in the designation. If the material that was inadvertently not designated as Confidential already has been, by the time of the later designation, filed with the Court and has not been sealed, the party or person that failed to make the designation may move for appropriate relief. No other party has any obligation to move for such relief under these circumstances.

**Challenge to Designations.**

6.      Except for Specially Redacted Documents, a receiving party may challenge the designation of confidentiality by motion. A receiving party may challenge a producing party's designation at any time; a receiving party shall not be obligated to challenge the propriety of a designation of information as protected at the time made, and the failure to do so shall not preclude a subsequent challenge thereto. Any receiving party disagreeing with a designation may request in writing that the producing party change the designation. The producing party will then have five (5) business days after receipt of a challenge notice to advise the receiving party whether or not it will change the designation. If the Parties are unable to reach agreement after the expiration of this five (5) business-day time frame, during which time the Parties shall attempt, in good faith, to resolve their dispute, the receiving party may at any time thereafter raise the issue with the Court. In that event, the designating party shall bear the burden of demonstrating the confidentiality of the designated information, document, ESI or thing.  Until any dispute under this section is ruled upon by the presiding judge, the designation will remain in full force and effect, and the information will continue to be accorded the confidential treatment required by this Stipulated Protective Order.

**Disclosure and Use of Confidential Information.**

7.      Discovery Material designated as Confidential Information or Confidential may be used only for purposes of the litigation, trial, and appeal of this Action, as well as any action for collection of a judgment that arises from this Action.

8.      Subject to Section 9 below, Confidential Information may be disclosed by the receiving party only to the following individuals, provided that such individuals are informed of and agree to be bound by the terms of this Stipulated Protective Order: (a) parties who are

individuals or employees, officers, and/or directors of a party that is a business entity, but only those employees, officers, and/or directors required in good faith to provide assistance in the conduct of the litigation in which the information was disclosed (and in no event more than five (5) such employees, officers, and/or directors); (b) counsel of record for the receiving party and employees of such counsel who participate in the prosecution or defense of the lawsuit; any such employee to whom counsel of record makes a disclosure shall be provided with a copy of, and become subject to, the provisions of this Stipulated Protective Order requiring that the documents and information be held in confidence; (c) testifying experts employed by the Parties; (d) other consultants, investigators, or experts employed by the Parties or counsel of record for the Parties for the purpose of assisting in the preparation and trial of the lawsuit; and (e) any other person with the express written permission of the producing party. Prior to disclosure, those individuals identified in subsection (c), (d), and (e) must be informed of and agree *in writing* (by signing the Confidentiality Agreement in the form attached hereto as **Exhibit A**) to be subject to the provisions of this Stipulated Protective Order requiring that the documents and information be held in confidence.

9. Confidential Information may be disclosed, only during a deposition or at trial, to a person who is not already allowed access to such information under this Stipulated Protective Order if:

(a) the information was previously authored or legitimately received by the person or was authored or legitimately received by a director, officer, employee or agent of the company for whom the person is testifying as a designee under Fed. R. Civ. P. 30(b)(6), as demonstrated by the information itself or foundation testimony during a deposition or trial;

(b) the designating party is the person or is a party for whom the person is a director, officer, employee, consultant or agent; or

(c) counsel for the party designating the material agrees that the material may be disclosed to the person.

In the event of disclosure under this section, only the reporter, the person, his or her counsel, the presiding judge, and persons to whom disclosure may be made and who are bound by this Stipulated Protective Order, may be present during the disclosure of or discussion regarding Confidential Information. In addition, unless the individual to whom disclosure is made under this section otherwise is permitted to receive the information under this Stipulated Protective Order, such person shall not be permitted to retain a copy of the document containing the Confidential Information. Disclosure of material pursuant to this section does not constitute a waiver of the confidential status of the material so disclosed.

**Non-Party Information.**

10. The existence of this Stipulated Protective Order must be disclosed to any person producing documents, tangible things, or testimony in this Action who may reasonably be expected to desire confidential treatment for such documents, tangible things or testimony. Any such person may designate documents, tangible things, or testimony confidential pursuant to this Stipulated Protective Order.

**Filing Documents with the Court.**

11. To the extent that any materials subject to this Stipulated Protective Order (or any pleading, motion, or memorandum disclosing them) are proposed to be filed with the Court, those materials and papers, or any portion thereof which discloses or contains Confidential Information, shall be filed under seal. Even if the filing party believes that the materials subject to the Stipulated

Protective Order are not properly classified as confidential, the filing party shall file a motion to file documents under seal; provided, however, that, with the exception of Specially Redacted Documents, the filing of the motion to file documents under seal shall be wholly without prejudice to the filing party's rights under Section 6 of this Stipulated Protective Order (providing for the right to challenge a particular confidentiality designation).

Nothing herein shall prohibit the filing party and the designating party from agreeing to allow Confidential Information, in appropriately redacted form, to be used in any court filing without the necessity of the filing being made under seal.

**<u>No Prejudice</u>.**

12. Signing or agreeing to the entry of, producing or receiving Confidential Information pursuant to, or otherwise complying with the terms of this Stipulated Protective Order, will not (a) operate as an admission by any party that any particular Confidential Information contains or reflects trade secrets or any other type of confidential or proprietary information; (b) prejudice the rights of a party to object to the production of information or material that the party does not consider to be within the scope of discovery; (c) prejudice the rights of a party to seek a determination by the presiding judge that particular materials be produced; (d) prejudice the rights of a party to apply to the presiding judge for further protective orders; (e) prejudice the rights of a party to request additional protection; (f) prevent the Parties from agreeing in writing to alter or waive the provisions or protections provided for in this Stipulated Protective Order with respect to any particular information or material; or (g) constitute or be construed as: an agreement by any person to produce any documents or to supply any information, a waiver or forfeiture of any trade secret, intellectual property or proprietary right to, in, or with respect to any Confidential

Information, or a modification, discharge, or abandonment of any pre-existing legal obligation that any designating party may have to keep any discovery material confidential or secret.

**No Waiver of Any Privilege Upon Inadvertent Production.**

13.     The inadvertent production of any Discovery Material in this Action will be without prejudice to any claim the material is privileged or protected from disclosure under the attorney-client privilege, the attorney work product doctrine or any other applicable privilege or protection ("Privileged Material"), and no party waives any claims or arguments under the inadvertent-production doctrine. If a producing party believes in good faith that Privileged Material was inadvertently produced, the producing party shall notify in writing all parties that received the information within fourteen (14) days of its discovery. The written notice shall contain a description of the claim and the basis for it, including a description of the nature of the documents, communications, or tangible things—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim. After receipt of this written notice from the producing party, the receiving party must promptly act to retrieve the inadvertently produced documents, and all copies, including any loaded to databases, and return them to the producing party or destroy them as agreed between the Parties. All notes or other work product of the receiving party reflecting the contents of such materials shall be destroyed and not used. No use shall be made of such inadvertently produced documents during depositions or at trial, nor shall they be disclosed to anyone who was not given access to them prior to the request to return or destroy them unless otherwise ordered by the Court. The receiving party may, after receipt of the producing party's notice of the inadvertent or mistaken production, move the Court to dispute the claim of privilege. If the receiving party elects to file a motion, the receiving party may retain possession of the inadvertently produced documents as well as any notes or other

product of the receiving party reflecting the contents of such materials pending the resolution by the Court of the motion but shall segregate and not use them or further disclose them to any person pending resolution of the motion. The party asserting a claim of privilege or protection bears the burden of demonstrating that the privilege or protection applies.  If the receiving party's motion is denied, the receiving party shall promptly comply with the immediately preceding provisions of this paragraph.

**Conclusion of Litigation.**

14.     Within sixty (60) calendar days after final judgment in this Action, including the exhaustion of all appeals, or within sixty (60) calendar days after dismissal pursuant to a settlement agreement, each party or other person subject to the terms of this Stipulated Protective Order shall destroy or return to the producing party all Discovery Material containing Confidential Information, and to certify to the producing party that this destruction or return has been done. However, outside counsel for any party is entitled to retain all court papers, discovery responses, deposition and trial transcripts, deposition and trial exhibits, and attorney work product, provided that any such materials are maintained and protected in accordance with the terms of this Stipulated Protective Order. The Clerk can return to counsel or destroy any sealed material at the end of the litigation.

**Other Proceedings.**

15.     If another court or administrative agency subpoenas or orders production of Discovery Material that is or contains Confidential Information from a non-designating party, such person shall transmit a copy of such subpoena or order to the designating party as soon as reasonably possible after receiving it but in no event later than five (5) business days before the date of production set forth in the subpoena or order. The designating party shall then have two (2)

business days to notify the person receiving the subpoena or order of the designating party's intent to intervene to resist the subpoena. Should the designating party give notice of such an intent, the party receiving the subpoena shall cooperate with the designating party and take reasonable measures to protect the interests of the designating party, including objecting to the subpoena on the basis of this Stipulated Protective Order and taking steps necessary to withhold production while the intervening party's motion is pending.

**Remedies.**

16. It is Ordered that this Stipulated Protective Order may be enforced by such sanctions as are available to the presiding judge, including the power to hold Parties or other violators of this Stipulated Protective Order in contempt. All other remedies available to any person injured by a violation of this Stipulated Protective Order are fully reserved.

17. Any party may petition the presiding judge for good cause shown if the party desires relief from a term or condition of this Stipulated Protective Order.

SO STIPULATED, THROUGH COUNSEL OF RECORD.

Date: September 20, 2022

                                                  s/Clay D. Land
                                                  HON. CLAY D. LAND
                                                  UNITED STATES DISTRICT JUDGE

Submitted by:

| **WILLIAMSON AND YORK, LLC** | **SMITH GAMBRELL & RUSSELL, LLP** |
|---|---|
| /s/ *John Williamson* | /s/ *Emily E. Friedman* |
| John Williamson | Emily E. Friedman |
| (Ga. Bar No. 765190) | (Ga. Bar No. 659432) |
| jhw@williamsonyork.com | efriedman@sgrlaw.com |
| Chris York | Colin Đặng Delaney |
| (Ga. Bar No. 781180) | (Ga. Bar No. 216858) |

attorneychrisyork@gmail.com
2727 Paces Ferry Road, S.E.
Building One, Suite 750
Atlanta, Georgia 30339

   -and-

JAMES WHITE FIRM, LLC
James H. White, IV
(admitted *pro hac vice*)
james@whitefirmllc.com
2100 Morris Avenue
Birmingham, Alabama 35203

**Counsel for Plaintiffs**

cdelaney@sgrlaw.com
Monica P. Witte
(Ga. Bar No. 405952)
mwitte@sgrlaw.com

1105 W. Peachtree Street, N.E.
Suite 1000
Atlanta, Georgia 30309

**Counsel for Defendant**

**Exhibit A**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## COLUMBUS DIVISION

| | |
|---|---|
| BARBARA GOODMAN, LISA COUNTRYMAN, SHARON CLARKE, CHERYL GALLOPS, SHERRI STUCKEY, LAUREN SPIVEY and TIFFANY HAIRSTON-LOTT, individually, and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>COLUMBUS REGIONAL HEALTHCARE SYSTEM, INC.<br><br>    Defendant. | Case No.: 4:21-cv-00015-CDL |

1. I, _____, declare that:

2. I have received a copy of the Stipulation and Agreed Confidentiality Order, entered on _____ (the "Stipulation and Order") in the above referenced action (the "Action") and I have read and understand its provisions.

3. I will comply with all of the provisions of the Stipulation and Order. I will hold in confidence, will not disclose to anyone other than those persons specifically authorized by the Stipulation and Order, and will not use for purposes other than for this Action any information designated "Confidential" that I receive in this Action, except as otherwise permitted under the terms of the Stipulation and Order.

Dated: _____        Signed: _____