# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# COLUMBUS DIVISION

| | |
|---|---|
| BARBARA GOODMAN, LISA COUNTRYMAN, SHARON CLARKE, CHERYL GALLOPS, SHERRI STUCKEY, and LAUREN SPIVEY, Individually and on behalf of all others similarly situated,<br><br>　　　　　Plaintiffs,<br><br>v.<br><br>COLUMBUS REGIONAL HEALTHCARE SYSTEM, INC.,<br><br>　　　　　Defendant. | Civil Action No. 4:21-cv-00015-CDL |

## ORDER GRANTING JOINT MOTION FOR
## PRELIMINARY APPROVAL OF CLASS SETTLEMENT

Currently before the Court for preliminary approval is a Settlement (the "Settlement") of this class action (the "Action") in which the Class Representatives, Barbara Goodman, Lisa Countryman, Sharon Clarke, Cheryl Gallops, Sherri Stuckey, and Lauren Spivey ("Plaintiffs"), have asserted claims for alleged violations of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001, *et seq.* ("ERISA"), with respect to the Columbus Regional Healthcare System Retirement Savings 403(b) Plan (the "Plan") against Defendant Columbus Regional Healthcare System, Inc. ("Columbus Regional").

The terms of the Settlement are set out in a Settlement Agreement executed on January 29, 2024 (the "Settlement Agreement"), which has been signed by

Plaintiffs and their Counsel on behalf of the proposed Settlement Class and Columbus Regional and its counsel (collectively with Plaintiffs, the "Parties"). Capitalized terms not otherwise defined in this Order shall have the same meaning as ascribed to them in the Settlement Agreement. The "Class", now deemed a "Settlement Class," is as defined in the Court's Order of August 2, 2023. [Doc. 58].

Having considered the Parties' Joint Motion for Preliminary Approval of Proposed Settlement (the "Motion", ECF No. 66) and the documents attached thereto in order to determine, among other things, whether the Settlement is sufficient to warrant the issuance of notice to members of the proposed Settlement Class, it is hereby **ORDERED, ADJUDGED AND DECREED** as follows:

**Jurisdiction**. The Court has jurisdiction over the subject matter of this Action and over all Parties to this Action, including all Members of the Settlement Class.

**Class Findings**. The Court preliminarily finds, for purposes of the Settlement, that the requirements of the Federal Rules of Civil Procedure, the United States Constitution, the Rules of the Court and any other applicable law have been met as to the Settlement Class, in that the Court has already certified a class and consistent with the previous certification, the Class is now also a Settlement Class. The Court's previous analysis as to the propriety of the Class now applies equally to the propriety of a Settlement Class. [See Doc. 58].

**Class Certification**. Based on the findings set out in Doc. 58, the Court reiterates the certification of the following Settlement Class under Federal Rule of Civil Procedure 23(b)(1) in this litigation (hereinafter the "Settlement Class"):

> All persons who were participants or beneficiaries in the Columbus Regional Healthcare System Retirement Savings Plan (the "Plan") and had account balances in the Plan as of February 2, 2015 or after, through the termination of the Plan.

The "Class Period" shall be defined as February 2, 2015 through May 31, 2019.

The Court having determined that this Action may proceed as a non-opt out class action under Fed. R. Civ. P. 23(a) and 23(b)(1), Members of the Settlement Class shall be bound by any judgment concerning the Settlement in this Action, subject to the Court's final determination as to whether this Action may so proceed.

**Class Members.** Defendant Columbus Regional is hereby ORDERED within ten (10) days of the entry of this Order to instruct the Plan recordkeeper to provide the list of Settlement Class Members along with their contact information in a usable database, which shall include, if available, the most recent mailing addresses, email addresses, and full names. If the current recordkeeper is likely not in possession of this information, Defendant Columbus Regional shall also instruct prior recordkeepers, within ten (10) days of the entry of this Order, to produce the same information necessary to compile the Settlement Class list and the contact information for all members of the Settlement Class. If Defendant Columbus Regional cannot compile the list of individuals in the Settlement Class and obtain the contact information for the Settlement Class within twenty-one (21) days from the date of this Order, it shall notify the Court and advise of the steps necessary to obtain

such information.

**Preliminary Approval of Settlement and Plan of Allocation**. The Settlement documented in the Settlement Agreement as well as the submitted Plan of Allocation is hereby **PRELIMINARILY APPROVED**, as the Court preliminarily finds that: (a) the proposed Settlement resulted from arm's-length negotiations; (b) the Settlement Agreement was executed only after Class Counsel had investigated, researched and litigated multiple legal and factual issues pertaining to Plaintiffs' claims; (c) there is a genuine controversy between the Parties involving Defendant's compliance with the fiduciary requirements of ERISA; (d) the Settlement and Plan of Allocation appear on their face to be fair, reasonable, and adequate; and (e) the Settlement, evidenced by the Settlement Agreement, is sufficiently fair, reasonable, and adequate to warrant sending notice of the Action and the Settlement to the Settlement Class.

**Fairness Hearing**. A hearing (the "Fairness Hearing") pursuant to Fed. R. Civ. P. 23(e) is hereby **SCHEDULED** to be held before the Court on June 12, 2024 at 9:30 A.M. at the United States Federal Post Office & Courthouse, 120 12th Street Columbus, GA 31902. to determine finally, among other things:

(a) Whether the Settlement should be approved as fair, reasonable, and adequate;

(b) Whether the litigation should be dismissed with prejudice pursuant to the Settlement Agreement;

(c) Whether the Final Approval Order should be entered and whether the Releasees should be released of and from the Released Claims, pursuant to the Settlement Agreement;

(d) Whether the notice and notice methodology implemented pursuant

      to the Settlement Agreement (i) were reasonably calculated, under the circumstances, to apprise Members of the Settlement Class of the pendency of the litigation, their right to object to the Settlement, and their right to appear at the Fairness Hearing; (ii) were reasonable and constituted due, adequate, and sufficient notice to all persons entitled to notice; and (iii) met all applicable requirements of the Federal Rules of Civil Procedure, and any other applicable law;

(e) Whether the proposed Plan of Allocation of the Net Settlement Fund is fair, reasonable, and adequate and should be approved by the Court;

(f) Whether the Settlement has been negotiated at arm's length by Class Counsel on behalf of the Plan and the Settlement Class, whether Plaintiffs have acted independently, whether Plaintiffs' interests are identical to the interests of the Plan and the Settlement Class, and whether the negotiations and consummation of the Settlement by Plaintiffs on behalf of the Plan and the Settlement Class do not constitute "prohibited transactions" as defined by ERISA §§ 406(a) or (b), including whether Prohibited Transaction Exemption 2003-39 or another class exemption from the prohibited transaction rules applies;

(g) Whether the application for attorneys' fees and expenses to be filed by Class Counsel should be approved;

(h) Whether incentive awards should be awarded to Plaintiffs; and

(i) Any other issues necessary for approval of the Settlement.

**Class Notice**. The Parties have presented to the Court a proposed Class Notice, which is appended to the Settlement Agreement as Exhibit 2, and includes a postcard notice and a long-form notice. The Court **APPROVES** the form and content of the Class Notice finding that it fairly and adequately: (1) describes the terms and effect of the Settlement Agreement and of the Settlement; (2) gives notice to the Settlement Class of the time and place of the Fairness Hearing; and (3) describes how the recipients of the Class Notice may object to approval of the Settlement. By no later than 60 days before the Fairness Hearing, Plaintiffs shall

cause the Class Notice, with such non-substantive modifications thereto as may be agreed upon by the Parties, to be disseminated to the last known address of each Member of the Settlement Class who can be identified by reasonable effort and posted on the Settlement Administrator website. The Court finds that such proposed manner of dissemination is adequate.

At or before the Fairness Hearing, Class Counsel shall file with the Court a proof of timely compliance with the foregoing notice requirements.

**Objections to Settlement**. "Objector" shall mean any Member of the Settlement Class who wishes to object to the fairness, reasonableness, or adequacy of the Settlement, to the Plan of Allocation, to any term of the Settlement Agreement, to the proposed case contribution awards, or to the proposed award of attorney fees and expenses. Any Objector must submit a statement of his, her, their or its objection(s), specifying the reason(s), if any, for each such objection made, including any legal support or evidence that such Objector wishes to bring to the Court's attention or introduce in support of such objection. Any objection must be signed by the Settlement Class member. The Objector must mail the objection and all supporting law and evidence to Class Counsel at the address below:

> **CLASS COUNSEL**
> John Williamson
> J. Christopher York
> WILLIAMSON & YORK, LLC
> 2727 Paces Ferry Road, SE
> Building One, Suite 750
> Atlanta, GA 30339
> (678) 358-9317
> jhw@williamsonyork.com
> attorneychrisyork@gmail.com

> James H. White IV
> JAMES WHITE FIRM, LLC
> 2100 Morris Avenue
> Birmingham, Alabama 35203
> (205) 317-2551
> james@whitefirmllc.com

All objections must be postmarked at least twenty-one (21) calendar days prior to the Fairness Hearing, or by no later than May 22, 2024. Any Member of the Settlement Class or other person who does not timely serve a written objection complying with the terms of this paragraph shall be deemed to have waived, and shall be foreclosed from raising, any objection to the Settlement and any untimely objection shall be barred.

**Appearance at Fairness Hearing**. An Objector who serves a timely, written objection in accordance with the paragraph above may also appear and speak at the Fairness Hearing either in person or through counsel retained at the Objector's expense. Objectors or their attorneys intending to appear and speak at the Fairness Hearing must also serve of a "Notice of Intention to Appear" setting forth, among other things, the name, address, and telephone number of the Objector (and, if applicable, the name, address, and telephone number of the Objector's attorney). Any "Notice of Intention to Appear" must be served on Class Counsel at the addresses listed above and postmarked at least twenty-one (21) calendar days prior to the Fairness Hearing, or by no later than May 22, 2024. Any Objector who does not timely submit a "Notice of Intention to Appear" in accordance with this paragraph shall not be permitted to appear and speak at the Fairness Hearing, except for good cause shown. The Parties'

counsel shall promptly furnish each other with copies of any and all Objections and Notices of Intention to Appear that come into their possession.

**Response to Objectors.** The Parties shall respond to any Objector at least seven (7) calendar days prior to the Fairness Hearing, or by no later than June 5, 2024, by filing the Objection (and Notice of Intention to Appear, if any) and response to the Objection with the Court. The Parties may submit joint or separate responses to the Objection.

**Compliance with Class Action Fairness Act.** Defendant shall, on or before May 31, 2024, file with the Court proof of compliance with the Class Action Fairness Act of 2005, as specified in 28 U.S.C. § 1715 in the Settlement Agreement.

**Notice Expenses**. Reasonable expenses of effectuating Class Notice shall be paid out of the Settlement Fund.

**Fees and Expenses Incurred by the Independent Fiduciary and Settlement Administrator**. The Court understands that an Independent Fiduciary has or will be retained for the purpose of evaluating the Settlement to determine whether to authorize the Settlement on behalf of the Plan. All fees and expenses incurred by the Independent Fiduciary (including fees and expenses incurred by consultants, attorneys, and other professionals retained or employed by the Independent Fiduciary) in the course of evaluating and authorizing the Settlement on behalf of the Plan, shall be paid from the Settlement Fund. The expenses incurred by the Settlement Administrator in administering the Settlement and allocating the Settlement Fund pursuant to the Plan of Allocation approved by the Court, including

any payable expenses of the Settlement Administrator, shall be paid out of the Settlement Fund.

**Application for Attorneys' Fees**. Any application by Class Counsel for attorneys' fees and reimbursement of expenses, for a case contribution award to the Plaintiffs, and all papers in support thereof, shall be filed with the Court and served on all counsel of record at least twenty-eight (28) calendar days prior to the Fairness Hearing, or by no later than May 15, 2024.

**Motion for Final Approval of Settlement and Plan of Allocation**. Class Counsel shall file with the Court a motion for entry of the Final Approval Order at least twenty-eight (28) calendar days prior to the Fairness Hearing, or by no later than May 15, 2024.

**Injunction**. Pending final determination of whether the Settlement should be approved, all Members of the Settlement Class and the Plan are each hereby **BARRED AND ENJOINED** from instituting or prosecuting any action that asserts any Released Claim against any Releasees.

**Termination of Settlement**. If the Settlement is terminated in accordance with the Settlement Agreement or does not become Final under the terms of the Settlement Agreement for any other reason, this Order and all Class Findings shall become null and void and shall be without prejudice to the rights of the Parties, all of whom shall be restored to their respective positions existing immediately before this Court entered this Order.

**Use of Order**. In the event this Order becomes of no force or effect, no part of

it shall be construed or used as an admission, concession, or declaration by or against Defendant of any fault, wrongdoing, breach, or liability, nor shall the Order be construed or used as an admission, concession, or declaration by or against Plaintiffs or the Settlement Class that their claims lack merit or that the relief requested in the Action is inappropriate, improper, or unavailable, or as a waiver by any party of any defenses or claims he, she, or it may have.

**Continuance of Hearing**. The Court reserves the right to continue the Fairness Hearing without further written notice.

**SO ORDERED** this 1st day of February, 2024.

/s Clay D. Land
Hon. Clay D. Land
Judge, United States District Court
for the Middle District of Georgia